DAY PITNEY LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR  Defendants
BioFuels of Colorado, LLC and
Thomas A. Davanzo

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLVERDI WORLDWIDE, LTD., an Australian public company; SOLVERDI, LLC, a Delaware limited liability company; and WHITE MOUNTAIN GROUP, LLC, a Delaware limited liability company, | CIVIL ACTION |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | (Document Electronically Filed) |
| v. | |
| BIOFUELS OF COLORADO, LLC, a Colorado corporation; THOMAS A. DAVANZO, an individual; ROBERT FEDYNA, an individual; Investors Does 1-10; and Customers Does 1-10, | |
| Defendants. | |

Defendants BioFuels of Colorado, LLC and Thomas A. Davanzo (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby remove this civil action from

83219071A02100109

the Superior Court of New Jersey, Law Division, Essex County to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Defendants would show the Court as follows:

## I. ADDRESS OF PARTIES

**A.     Plaintiffs' Addresses – Upon Information and Belief**

    1.    Solverdi Worldwide, Ltd
           Level 13, 56 Berry Str.
           North Sydney NSW 2060
           Australia
           61/02 9455 0403

    2.    Solverdi, LLC
           Phoenix, AZ
           After a reasonable search, Defendants are unable to locate the precise address for Plaintiff Solverdi, LLC.

    3.    White Mountain Group, LLC
           3339 Rideau Place S.W., Suite 406
           Calgary, AB T2S 1Z5
           Canada

**B.     Defendants' Addresses**

    1.    BioFuels of Colorado, LLC
           4875 National Western Dr.
           Denver, CO 80216

    2.    Thomas A. Davanzo
           BioFuels of Colorado, LLC
           4875 National Western Dr.
           Denver, CO 80216

    3.    Robert Fedyna
           BioFuels of Colorado, LLC
           4875 National Western Dr.
           Denver, CO 80216

## II. INTRODUCTION

1.  Defendants are parties in a civil action pending in the Superior Court of New Jersey, Law Division, Essex County entitled *Solverdi Worldwide, Ltd., an Australian public company; Solverdi, LLC, a Delaware limited liability company; and White Mountain Group, LLC, a Delaware limited liability company v. BioFuels of Colorado, LLC, a Colorado corporation; Thomas A. Davanzo, an individual; Robert Fedyna, an individual; Investors Does 1-10; and Customers Does 1-10*, Docket No. ESX-L-7182-09.  Complete copies of all filings in the state court are attached as Exhibits A-G.

2.  This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it is filed within one year of the commencement of this action and within 30 days of the date of service of the initial pleading on Defendants.  The Verified Complaint was filed on September 4, 2009 and Plaintiffs served Defendants with the Verified Complaint on September 18, 2009.  Accordingly, Defendants' thirty-day period for removal expires October 19, 2009.  28 U.S.C. § 1446(b).

## III. BASIS FOR REMOVAL

3.  Removal of this action is proper because Plaintiffs allege causes of action arising under the laws of the United States.  28 U.S.C. § 1331.  Additionally, removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a)(1).

**A.      Plaintiffs' Causes of Action Present Federal Questions**

4.      This Court has original jurisdiction over this action because it raises a federal question through causes of action under the laws of the United States. *See Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000) ("If a federal question appears on the face of the plaintiff's complaint, the defendant may remove the case to federal court.").

5.      Here, Plaintiffs have asserted two causes of action that provide this Court with original jurisdiction: (1) violation of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 *et seq.*, and (2) violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6.      Accordingly, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the laws of the United States.

**B.      There is Complete Diversity Between the Parties**

7.      This Court also has original jurisdiction over this action because there exists complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Plaintiff Solverdi Worldwide, Ltd. is an Australian public company and, upon information and belief, its principal place of business is in Australia. Plaintiff Solverdi, LLC is incorporated in the State of Delaware and, upon information and belief, its principal place of business is in Phoenix, Arizona. Plaintiff White Mountain Group, LLC is incorporated in the State of Delaware and, upon information and belief, its principal place of business is in Calgary, Canada. Upon information and belief, Solverdi, LLC and White Mountain Group, LLC do not have principal places of business in Colorado or Kentucky.

9. Defendant BioFuels is incorporated in the State of Colorado with its principal place of business in the State of Colorado. Defendant Thomas A. Davanzo is a resident and citizen of the State of Colorado. Defendant Robert Fedyna is a resident and citizen of the State of Kentucky. For purposes of this removal, the Court may disregard the citizenship of Defendants Investors Does 1-10 and Customers Does 1-10. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

10. Accordingly, there is complete diversity of citizenship.

C. **Amount in Controversy Exceeds Jurisdictional Requirements**

11. To meet the jurisdictional requirement that the amount in controversy exceeds $75,000, Defendants must establish that Plaintiffs' damages could exceed $75,000, exclusive of interest and costs. While the allegations in the complaint control the amount in controversy, any "[i]ndeterminacy of the amount to be recovered is [] not sufficient to defeat diversity jurisdiction . . . ." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

12. New Jersey Civil Practice Rules prohibit plaintiffs from including the amount of damages they are seeking in their complaints. *R.* 4:5-2 ("[T]he pleading shall demand damages generally without specifying the amount."). In light of New Jersey's restrictive pleading requirements, a court evaluating a removal application may conduct its own independent appraisal of the value of the claim based on a "reasonable reading of the value of the rights being litigated." *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

13. This dispute involves causes of action arising under numerous legal theories, including misappropriation of trade secrets, conversion, violation of both the New Jersey and the

Federal RICO Acts, violation of the Lanham Act, unjust enrichment, interference with contracts, unfair competition, and consumer fraud. Plaintiffs seek damages in the forms of disgorgement of profits, statutory damages, compensatory damages, and punitive damages, among others. Plaintiffs claim these alleged trade secrets "are projected and are believed to be worth hundreds of millions of dollars." (Exhibit A, ¶ 13).

14. Based on a reasonable reading of the pleadings and the nature of Plaintiffs' claims, this action involves an amount in controversy that exceeds the $75,000.00 necessary for removal.

15. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**D.    Defendant Robert Fedyna Consents to the Removal**

16. By letter dated October 1, 2009, defendant Robert Fedyna directly advised the Court that he consents to the removal of this action to this Court. Thus, the rule of unanimity has been satisfied. A true and correct copy of Mr. Fedyna's October 1, 2009 letter is attached hereto as Exhibit H.

## IV. CONCLUSION

17. This Court has original jurisdiction over this action pursuant to both 28 U.S.C. § 1331 and 1332(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

18. Defendants have provided Plaintiffs with written notice of the filing of this Notice of Removal as required by law. Defendants are concurrently filing a notice attaching this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County where this action was originally filed. A copy of the notice to be filed with the Clerk of the Superior Court of New Jersey, Law Division, Essex County is attached hereto as Exhibit I.

WHEREFORE, Defendants request that this Court accept Defendants' Notice of Removal and assume jurisdiction over this action.

s/ Elizabeth J. Sher

ELIZABETH J. SHER
DAY PITNEY LLP
P.O. Box 1945
Morristown, NJ 07962
(973) 966-6300
esher@daypitney.com

Attorneys for Defendants
BioFuels of Colorado, LLC and
Thomas A. Davanzo

Dated:  October 1, 2009