**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐CK ☐CG ☐CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Michael D. Hynes, Esq. | (732) 590-1850 | Essex |

**FIRM NAME** (If applicable)
DLA Piper LLP (US)

**DOCKET NUMBER** (When available)

**OFFICE ADDRESS**
Two Tower Center, 16th Floor
East Brunswick, New Jersey  08816-1100

**DOCUMENT TYPE**
Summons and Complaint

**JURY DEMAND**  ☒ YES   ☐ NO

**NAME OF PARTY** (e.g., John Doe, Plaintiff)
Solverdi Worldwide, Ltd.

**CAPTION**
Solverdi Worldwide, Ltd. et al. v. Biofuels of Colorado, LLC et al.

**CASE TYPE NUMBER**
(See reverse side for listing)

508   TRACK IV

**IS THIS A PROFESSIONAL MALPRACTICE CASE?**  ☐ YES   ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**  ☐ YES   ☒ NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)?  ☐YES   ☒ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?**  ☒YES   ☐NO

**IF YES, IS THAT RELATIONSHIP**
☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)
☐ FAMILIAL   ☒ BUSINESS

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**  ☒ YES   ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

SUPERIOR COURT OF NEW JERSEY
ESSEX
SEP - 4 2009
RECEIVED/FILED
02

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**  ☐YES   ☒ NO

**IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:**

**WILL AN INTERPRETER BE NEEDED?**  ☐YES   ☒ NO

**IF YES, FOR WHAT LANGUAGE:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**ATTORNEY SIGNATURE:**  _mdh_

Revised Effective 9/2009, CN 10517

EXHIBIT A

**SIDE 2**    CIVIL CASE INFORMATION STATEMENT
(CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Centrally Managed Litigation (Track IV)
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 279 | GADOLINIUM |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE | 282 | FOSAMAX |
| 272 | BEXTRA/CELEBREX | 283 | DIGITEK |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 275 | ORTHO EVRA | 286 | LEVAQUIN |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Revised Effective 9/2009, CN 10517

| | | |
|---|---|---|
| Attorney(s) | Michael D. Hynes | |
| Office Address | DLA Piper LLP (US) | |
| | Two Tower Center 16th Floor | |
| Town, State, Zip Code | East Brunswick, NJ 08816 | |
| Telephone Number | (732) 590-1850 | |
| Attorney(s) for Plaintiff | | |

**Superior Court of New Jersey**

Essex _____ COUNTY

Law _____ DIVISION

Docket No: _L - 7 / 8 2 - 0 9_

Solverdi Worldwide, Ltd., Solverdi, LLC,

White Mountain Group, LLC,

        Plaintiff(s)

        Vs.

BioFuels of Colorado, LLC, Thomas Davanzo, and Robert

Fedyna, et al.

        Defendant(s)

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: _____

                            _____
                                Jennifer M. Perez,
                            Acting Clerk of the Superior Court

Name of Defendant to Be Served: Thomas Davanzo

                        c/o Scott C. Sandberg
Address of Defendant to Be Served: 45 Montgomery St.
                        Belleville, New Jersey  07109

NOTE: The Case Information Statement is available at http://www.njcourtsonline.com

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

Revised 7/1/2008, CN 10792
Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Revised 7/1/2008, CN 10792
    Revised 07/2009, CN 10153-English (Directory of Superior Court Deputy Clerk's Offices County Lawyer Referral and Legal Services)

page 4 of 4



DLA PIPER US LLP
Two Tower Center, 16th Floor
East Brunswick, New Jersey 08816-1100
(732) 590-1850
Attorneys for Plaintiffs Solverdi Worldwide, Ltd.;
Solverdi, LLC; White Mountain Group, LLC

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
ESSEX COUNTY

SEP  4 2009

RECEIVED

SEP  4 2009

| | |
|---|---|
| Solverdi Worldwide, Ltd., an Australian public company; Solverdi, LLC, a Delaware limited liability company; and White Mountain Group, LLC, a Delaware limited liability company, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiffs, | DOCKET NO: L - 7182-09 |
| v. | Civil Action |
| BioFuels of Colorado, LLC, a Colorado corporation; Thomas A. Davanzo, an individual; Robert Fedyna, an individual; Investors Does 1-10; and Customers Does 1-10, | **VERIFIED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiffs, Solverdi Worldwide, Ltd., Solverdi, LLC (collectively, "Solverdi"), and White

Mountain Group, LLC ("White Mountain") (collectively, "Plaintiffs"), by way of Complaint

against Defendants BioFuels of Colorado, LLC, Thomas A. Davanzo, and Robert Fedyna

(collectively, "Defendants") say:

1.　　This is an action that asserts claims arising from Defendants' unlawful possession

and use of and profiting from Plaintiffs' renewable energy trade secrets and physical property (a

modular renewable energy transformer).　Plaintiffs bring this action seeking affirmative

injunctive relief requiring the immediate return of the transformer, injunctive relief prohibiting

Defendants from destroying, dismantling, using, copying, misappropriating, or tampering with

the transformer in any way, as well as damages in tort.

## PARTIES

2.      Solverdi Worldwide, Ltd. is an Australian public company duly organized and existing under the laws of Australia.  *See* Solverdi Worldwide, Ltd., Company Information, Australian                Securities                Exchange,                available                at http://www.asx.com.au/asx/research/companyInfo.do?by=asxCode&asxCode=SWW#details (last visited September 2, 2009).  Solverdi Worldwide, Ltd. is listed on the Australian Securities Exchange as SWW.

3.      Solverdi, LLC is a limited liability company organized and existing under the laws of the state of Delaware.  Solverdi, LLC is a subsidiary of Solverdi Worldwide, Ltd.  In March 2009, Solverdi Worldwide, Ltd. assumed all of the technological rights and obligations of Solverdi, LLC, among other things.

4.      White Mountain Group, LLC is a Delaware limited liability company, organized and existing under the laws of the state of Delaware.  White Mountain owns a portion of the renewable energy intellectual property, confidential information, and trade secrets at issue in this action.  In March 2009, White Mountain purchased a controlling interest in the Australian Biodiesel Group, which subsequently changed its name to Solverdi Worldwide, Ltd.  As part of this purchase agreement, White Mountain licensed to Solverdi Worldwide, Ltd. all its rights and interest in the renewable energy intellectual property, confidential information, and trade secrets at issue in this action.  Accordingly, hereinafter, White Mountain will be included as part of "Solverdi."

5.      Defendant Bio Fuels of Colorado, LLC ("BFC") is a limited liability company organized and existing under the laws of the state of Colorado actively doing business in Belleville, New Jersey.

6.      Defendant Thomas A. Davanzo ("Davanzo") is domiciled in Douglas County, Colorado.  At all times material hereto, Davanzo was acting as an officer and/or director of Defendant BFC.  Davanzo regularly travels to the state of New Jersey, and regularly conducts business in this state on matters relating to BFC.

7.      Defendant Robert Fedyna ("Fedyna") is domiciled in Bourbon County, Kentucky. At all times material hereto, Fedyna was acting as an officer and/or director of BFC.  Fedyna also regularly travels to the state of New Jersey, and regularly conducts business in this state on matters relating to BFC.

8.      Defendants Investors Does 1-10 are persons and/or entities whose names will be identified through amendment to the Complaint as they become known to Plaintiffs.   These persons and/or entities are believed to have invested in Defendants' fraudulent scheme described herein.

9.      Defendants Customers Does 1-10 are persons and/or entities whose names will be identified through amendment to the Complaint as they become known to Plaintiffs.   These persons and/or entities are believed to have purchased, and continue to purchase, renewable fuels pursuant to Defendants' fraudulent scheme described herein.

10.     Upon information and belief, Defendants are, and at all times mentioned herein were, the agents, principals, partners, co-conspirators, and/or co-venturers of each other, that each of them acted within the course, scope, and authority of said relationships, and that, as a result, Defendants are jointly and severally liable for the acts alleged herein.

## JURISDICTION AND VENUE

11.     New Jersey is the appropriate jurisdiction as Defendants are actively engaged in business at 45 Montgomery Street, Belleville, New Jersey 07109, and this litigation bears upon a

commercial lease agreement that requires the subject equipment to be exclusively used at Defendants' Belleville, New Jersey location.

12.     Venue is proper in this County because the events and occurrences giving rise to this action occurred in this County.  As the equipment at issue, a modular renewable energy transformer, is operating in this state and is the embodiment of the technology and trade secrets at issue, the question of title to that property and the disposition of it falls uniquely within the jurisdiction of this Court as an "in rem" action.  Likewise, the activities of the tortfeasor entities and persons are directly tied to activities in this state.

## MATERIAL BACKGROUND FACTS

13.     Solverdi is in the renewable energy industry.  *See, e.g.*, Company Information, Solverdi Worldwide, Ltd., available at http://www.abgbiodiesel.com/company_info.asp (last visited September 2, 2009).  Solverdi is involved in the use and manufacture of technology, processes, know-how, patentable inventions, and confidential information for the processing of raw materials in order to manufacture biodiesel and renewable diesel fuels (the "Intellectual Property").  As part of its Intellectual Property, Solverdi owns the rights to the creation of a renewable energy fuels processor plant that converts wastewater materials to fuel (the "Transformer").  The Intellectual Property and Transformer are projected and are believed to be worth hundreds of millions of dollars.

14.     The Transformer contains a unique horizontal distillation and de-polymerization process and design that provides an economic advantage in processing costs, and a clean, low chemical demand renewable fuel that is safe for the environment.  This allows the Transformer to function without the use of chemicals, such as methanol and caustics, which have a negative environmental impact.

4

15.     Between January and August 2008, Davanzo attended various design and development meetings with respect to this competitively advantageous new technology, developed by using substantial confidential, proprietary, and patentable information and trade secrets owned by Solverdi.

16.     Accordingly, Davanzo had actual knowledge of the origin, context, and ownership of the Intellectual Property used to construct the Transformer, and is fully aware that he is not the inventor, originator, or owner of the property at issue in this case.

17.     On August 1, 2008, Solverdi entered into a supply agreement with a now-dissolved entity 3A3B, LLC ("3A3B"), wherein Solverdi licensed its Intellectual Property to 3A3B (the "Supply Agreement").

18.     Olson Precast Company ("OPC"), under the direction of its CEO Michael Olson, managed 3A3B and 3A3B's performance under the Supply Agreement to construct the Transformer for Solverdi's exclusive use in Phoenix, Arizona.

19.     Defendants knew, or had reason to know, that Solverdi entered into the Supply Agreement pursuant to the above-stated exclusive and restricted terms.

20.     Defendants also knew, or had reason to know, of the progress and construction of the Transformer.  Notably, Solverdi rented a facility managed by Davanzo located in Denver, Colorado, solely for Solverdi to stage the development and testing of a reactor to be incorporated into the Transformer as part of the construction process.  Davanzo had regular communication with Solverdi regarding the development and function of this reactor.  Solverdi paid all costs and expenses related to this development; Davanzo had no financial contribution.

21.     In November 2008, Davanzo informed OPC that the reactor constructed on his property was capable of processing raw materials in order to manufacture renewable fuel sources.

22.     Under the Supply Agreement, OPC constructed one Transformer.

23.     In late-November 2008, Davanzo surreptitiously met with representatives of OPC to conspire to divert the sole Transformer from its owner, Solverdi, to himself and his company, BFC, under the guise of an equipment lease agreement.  Davanzo devised this scheme to steal the Transformer by improperly asserting a leasehold interest with a party that Davanzo was fully aware lacked any ownership interest or rights in the Transformer.

24.     In the following months, Davanzo continued to meet with OPC representatives to further plot a strategy to underhandedly transport the Transformer across state lines from Arizona to New Jersey.

25.     On March 30, 2009, Defendants entered into a lease agreement with OPC (the "Lease Agreement") pursuant to which OPC purported to lease the Transformer, which it does not own and lacks any lawful authority, to Defendants to receive royalties from the Transformer to which they were not entitled and did not earn.

26.     At the time the Lease Agreement was executed, Defendants knew, or had reason to know, that the Transformer was designed and constructed based on confidential, proprietary, and patentable information owned by Solverdi, and Solverdi had the sole, exclusive ownership rights to the Transformer.

27.     Despite this knowledge, Defendants devised a covert business plan to transport the Transformer to New Jersey against Solverdi's proprietary ownership rights in order to generate money and revenue to which they are not entitled and did not earn.

28.     By executing the Lease Agreement, and continuing to lease the Transformer, Defendants have misappropriated Solverdi's Intellectual Property for its own benefit and to the detriment of Solverdi without legal authority and without Solverdi's authorization or consent. Indeed, Defendants took careful steps to ensure that Solverdi was unaware of its illegal conduct.

29.     Defendants continue to lease the Transformer and continue to wrongfully possess the Transformer.   Upon information and belief, Defendants are selling and profiting from renewable fuels processed by the Transformer under the false pretense that BFC has the right and authority to do so.   Accordingly, Defendants are processing stolen renewable fuels and selling it across state lines.

30.     In so doing, Defendants wrongfully possess the Transformer, depriving Solverdi of its rights under the Supply Agreement, wrongfully depriving Solverdi of its property, and causing Solverdi to sustain immediate and irreparable harm and injury.

## SOLVERDI'S TRADE SECRETS

31.     The Intellectual Property contains Solverdi's technical, scientific, innovative, confidential, and proprietary information and plans for the construction, design, and use of the Transformer.  The Transformer is the only (or one of the only) renewable energy mechanisms that converts wastewater materials and other liquids into a renewable fuel and does so without the use of chemicals that harm the environment.

32.     The Transformer is comprised of separate, modular units.  These units may be dismantled and placed on a large trailer truck for moving.  As the Transformer is modular, it can be disassembled and transported.  The Transformer was illegally transported from the site where it was built in Arizona to New Jersey and its location concealed from Solverdi, the owner.

33.     The Transformer is a new technology, developed solely for and exclusively by Solverdi.

34.     The Transformer is a competitively advantageous new technology because it is not stationary, as are fixed solar and wind renewable energy systems.  Likewise, the Transformer is an attractive renewable energy mechanism because it refines and transforms wastewater materials into a usable renewable fuel.

35.     To create and construct the Transformer, Solverdi necessarily developed and used substantial confidential, proprietary, and patentable information and confidential, proprietary, and trade secret information, including innovative and detailed engineering plans and scientific and technical information.

36.     Solverdi has made every effort to ensure that the Intellectual Property remains its property and that it remains confidential.  Solverdi has had a long-standing policy that all information relating to its Intellectual Property is confidential and should be kept confidential by all of Solverdi's employees, both during their employment and after termination of their employment.

37.     Solverdi also has a long-standing policy that any third party who is given access to intellectual property, or any information related thereto, in the course of Solverdi's business agrees to maintain and preserve the confidentiality of the Intellectual Property.

38.     The Intellectual Property was developed and/or acquired by Solverdi only after significant research, commitment, time, diligence, planning, and expense.

39.     Hereinafter, the Intellectual Property, the Transformer(s), and any associated technology will be referred to as the "Trade Secrets."

40.     Solverdi is the sole owner of its Trade Secrets.

41.    Upon testing of Solverdi's Trade Secrets and successful conversion of wastewater materials to a usable and useful renewable fuel, the Trade Secrets are projected and are believed to be worth hundreds of millions of dollars.

42.    Defendants are aware of the value of the Trade Secrets and the potential revenue to be generated from the Trade Secrets.

43.    By virtue of his attendance at certain design meetings, Davanzo was, and is, knowledgeable about numerous aspects of Solverdi's business, including, among other things, the Trade Secrets.

44.    By virtue of their access to the Trade Secrets during the development of a reactor related to the Transformer on Davanzo's property, Defendants have an understanding and knowledge of the Trade Secrets and their value to Solverdi's ongoing business operations and future business plans.

45.    By virtue of their possession of the Trade Secrets, Defendants also have a substantial understanding and knowledge of the Trade Secrets and the importance of the Trade Secrets to Solverdi's ongoing business operations and future business plans.

46.    The Trade Secrets are fundamental to Solverdi's past, current, and future business and would be fundamental to Defendants' business and/or a third party's business if the Transformer were copied and/or sold.  Indeed, the Transformer is being used and operated as a fundamental part of the Defendants' business as a result of the wrongful Lease Agreement.

## DEFENDANTS' WRONGFUL CONDUCT

47.    Davanzo attended various design and development meetings with respect to the Trade Secrets.  Accordingly, Davanzo had actual knowledge of the origin and delineation of the Trade Secrets, including Solverdi's rights, interest, and ownership thereof.

48.     Solverdi also leased a facility managed by Davanzo solely for Solverdi to stage the development and testing of a reactor to be incorporated into the Transformer as part of the construction process.  The test reactor has been made part of the Transformer.

49.     Accordingly, Defendants were aware, at least in part, of the progress and development of the Transformer, including having direct knowledge of its innovative and detailed engineering plans and scientific and technical information.  Moreover, Defendants knew, or had reason to know, that Solverdi's Trade Secrets contained substantial confidential, proprietary, and patentable information.

50.     Shortly after Davanzo informed OPC that the part of the Transformer developed and tested on his property was capable of producing renewable fuel sources, he secretly met with OPC to discuss and develop a plan to covertly transport the Transformer across state lines to New Jersey to process renewable fuel sources for their own benefit and in competition with Solverdi.  This fraudulent conduct reflects a scheme and artifice aimed at defrauding Solverdi by directing the shipment of stolen equipment, the Transformer, by means that affect interstate commerce.

51.     Defendants methodically ceased all communication with Solverdi during this time period, and focused on luring OPC into breaching the Supply Agreement by means of a feigned equipment lease.  As part of the allurement, Davanzo informed OPC that he had a sizeable renewable fuels purchaser available in New York City.

52.     Upon information and belief, Davanzo also offered OPC a substantial bribe exceeding $2 million to fraudulently breach the Supply Agreement – which offered a fraction of that amount – by participating in this clandestine scheme.

53.     In March and April 2008, at which time the Lease Agreement was executed, Davanzo made direct representations to Solverdi that he was not involved with Olson or the Transformer, including statements made at an in-person meeting in early April 2008.  These representations were made as the Transformer was processing, or about to begin processing, renewable fuels at the Belleville, New Jersey site.

54.     Upon information and belief, Defendants have used, and continue to use, the Transformer to produce renewable fuels at the Belleville, New Jersey site.  Moreover, Defendants have defrauded, and continue to defraud, the purchasers of renewable fuels produced by the stolen Transformer by representing that Defendants' have the right and permission to process and sell such fuel.  In certain instances, Plaintiffs believe that the said customers are aware of Defendants' fraudulent scheme and, therefore, are aiding and abetting the conduct.

55.     Upon information and belief, Defendants have defrauded, and continue to defraud, investors, or potential investors, of BFC by falsely representing that BFC owns and/or has rights to the Trade Secrets.  In certain instances, Plaintiffs believe that the said investors are aware of Defendants' fraudulent scheme and, therefore, are aiding and abetting the conduct.

56.     Defendants have engaged, and continue to engage, in fraudulent activities through the ongoing sale and transportation of renewable fuels produced by the stolen Transformer across state lines by means of trucking or other modes of transportation that affect interstate commerce.

57.     Additionally, upon information and belief, Defendants have failed to obtain the necessary local, state and federal permits required to operate the Transformer at the Belleville, New Jersey site.  Moreover, upon information and belief, Defendants have submitted false, or

altered, design drawings and documents related to the Transformer as part of their application for certain permits.

58.     Upon information and belief, Defendants have applied for a permit to produce an animal feed additive required to process renewable fuels, demonstrating that Defendants are using the Transformer for the innovative, proprietary purpose designed and owned by Solverdi.

59.     Accordingly, despite Defendants knowing, or having reason to know, that Solverdi authorized and sublicensed the use of the Trade Secrets to the OPC solely for the purpose of constructing the Transformer(s) for the exclusive use and benefit of Solverdi, Defendants knowingly and purposefully acquired the Transformer in breach thereof.

60.     In doing so, the BFC Defendants acquired the Transformer by improper means and, therefore, have misappropriated, and continue to misappropriate, Solverdi's Trade Secrets.

61.     The BFC Defendants also continue to wrongfully possess, use, and profit from the Transformer and Solverdi's Trade Secrets.

## RESULTING DAMAGE TO SOLVERDI

62.     The renewable energy industry is rapidly growing and developing.  Currently, Solverdi has a unique, patentable Transformer that converts wastewater materials and other liquids into renewable fuel.

63.     The longer Solverdi has to wait for the return of the Transformer, the faster Solverdi will be forced to build a new Transformer and face a greater risk that another company will build a similar plant and take Solverdi's place in the industry as the only provider of geographically limitless converter of wastewater materials.

64.     The longer Solverdi has to wait for the return of the Transformer, the greater the risk that the Transformer will be destroyed, dismantled, or reconfigured.

65.     The longer Solverdi is deprived of the use of the Transformer, the greater the risk of Solverdi losing prospective business customers, the right to patent the Transformer and its Trade Secrets, the confidentiality of the Trade Secrets, the confidence in its ability to construct future Transformers and other renewable energy plants, and its ability to demonstrate its capabilities to potential contracting parties, among other things.

66.     Defendants' wrongful conduct has deprived Solverdi of the use of the Trade Secrets, from marketing the Trade Secrets to current and future potential contracting parties, and from obtaining internationally-recognized patents regarding the Trade Secrets, among other things.

67.     Defendants' wrongful conduct has also deprived Solverdi of its rights under the Supply Agreement to purchase the Transformer at "cost plus" a specified percentage.

68.     Moreover, Defendants' wrongful conduct has dramatically slowed Solverdi's revenues, capitalization efforts, and interest in its company and stock and has set back Solverdi's business efforts by at least a year.

69.     Further, Defendants' wrongful conduct has deprived Solverdi of its "proof of concept." The Transformer represents and is the physical manifestation of Solverdi's business concepts. Indeed, the Transformer is Solverdi's "proof of concept," i.e., proof that Solverdi's Trade Secrets are commercially viable.

70.     Solverdi is gravely concerned for the condition, safety, confidentiality, and physical integrity of its Trade Secrets. Defendants continue to process and sell stolen renewable fuels under the false pretense of their ownership and control.

71.     Further, Solverdi is gravely concerned that Defendants will hide the Transformer, destroy evidence of its possession and control of the Transformer, and/or destroy, dismantle,

tamper with, or otherwise harm the Transformer thereby significantly diluting the value of the Trade Secrets.

## FIRST CAUSE OF ACTION

### (COMMON LAW MISAPPROPRIATION OF TRADE SECRETS)

72.     Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

73.     The acts and/or practices committed by Defendants, as alleged hereinabove, constitute misappropriation of trade secrets at common law.

74.     Pursuant to the Supply Agreement, OPC was in possession of, and had access to, Solverdi's Trade Secrets and agreed to maintain their confidentiality.

75.     Despite Defendants knowing, or having reason to know, that the OPC owed a duty to maintain the secrecy and limit the use of the Trade Secrets, Defendants agreed to take possession of and profit from the Trade Secrets by leasing and taking possession of the Transformer.

76.     The creation, development, construction, and compilation of the Trade Secrets was the result of a substantial amount of time, effort, and money acquired and owned by Solverdi which Defendants now attempt to convert and manipulate for their own use and pecuniary interests and to Solverdi's significant detriment.

77.     The Trade Secrets had, and continue to have, economic value in that they constitute and/or contain information not generally known within the industry, and represent substantial technological research and innovation owned by Solverdi.

78.     Solverdi has made every effort to ensure that the Trade Secrets remain its confidential property and to prevent the Trade Secrets from becoming generally known within the industry.  Solverdi has had a long-standing policy that all information relating to its Trade

Secrets is confidential and should be kept confidential by all of Solverdi's employees, both during their employment and after termination of their employment.

79.     As alleged above, Defendants have misappropriated, and continue to misappropriate, the Trade Secrets. Defendants have used, and continue to use, the Trade Secrets to their own benefit and to the detriment of Solverdi.

80.     As a direct and proximate result of Defendants' wrongful acts, Solverdi has sustained and continues to sustain immediate and irreparable harm and injury including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

81.     Solverdi has no adequate remedy at law.

82.     There is a substantial risk that Defendants will continue to irreparably injure Solverdi unless they, and others acting in concert with them, are preliminarily and/or permanently enjoined.

83.     Unless Defendants' wrongful acts described herein are preliminarily and/or permanently enjoined, Solverdi will continue to sustain immediate and irreparable harm and injury.

84.     In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendants' wrongful acts described herein, Solverdi has suffered and continues to suffer, among other things, general and special damages in accordance with proof. Upon testing of this new technology in the field, and successful conversion of wastewater materials and other liquids to a useful renewable fuel,

the Transformer(s) and associated technology are projected and are believed to be worth hundreds of millions of dollars.

85.     Solverdi is informed and believes, and on that basis alleges, that Defendants acted intentionally in conscious disregard of Solverdi's rights, with fraud, malice, and oppression, in that they knew that their acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to Solverdi and intentionally kept such acts secret from Solverdi.   Accordingly, Solverdi is entitled to an award of punitive damages against Defendants.  The amount of such punitive damages should be determined at the time of trial of this action.

## SECOND CAUSE OF ACTION

### (CONVERSION)

86.     Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

87.     By virtue of Defendants business relationship with OPC, Defendants had access to the Trade Secrets.

88.     Upon information and belief, Defendants wrongfully took possession of the Trade Secrets through deceptive, unlawful, and fraudulent means.

89.     Defendants wrongfully took possession of the Trade Secrets for their own purposes.

90.     Defendants wrongfully took possession of the Trade Secrets under the guise of a fraudulent equipment lease knowing, or reasonably should have known, that OPC was violating its Supply Agreement with Solverdi.

91.     As a direct and proximate result of the conversion of the Trade Secrets by Defendants, Solverdi has been damaged in an amount to be determined at the time of trial of this action.

92.     Defendants have no claim to entitlement to the wrongfully acquired Trade Secrets.  Nevertheless, Defendants wrongfully and intentionally exercise dominion and control over the Trade Secrets.

93.     Defendants acted intentionally in conscious disregard of the rights of Solverdi, with fraud, malice, and oppression, in that they knew that their acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to Solverdi and intentionally kept such acts secret from Solverdi.  Accordingly, Solverdi is entitled to an award of punitive damages against Defendants.  The amount of such punitive damages should be determined at the time of trial of this action.

94.     Solverdi also requests that the Transformer, which Defendants wrongfully took possession of, be immediately returned to Solverdi in the state of Arizona.

## THIRD CAUSE OF ACTION

### (VIOLATION OF NEW JERSEY RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO") – *N.J.S.A.* § 2C:41-2(C))

95.     Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

96.     *N.J.S.A.* § 2C:41-1(b) defines "persons" as any individual or entity or enterprise holding or capable of holding a legal or beneficial interest in property.  Defendants are "persons" as defined by *N.J.S.A.* § 2C:41-1(b).

97.     Defendants are an "enterprise" as defined by *N.J.S.A.* § 2C:41-1(c).

98.     The acts set forth in the Second Count constitute "racketeering activities" as set forth in *N.J.S.A.* § 2C:41-1(a)(1) and (2).

99.     Defendants engaged in fraudulent activities representing a scheme and artifice to defraud Solverdi by directing the shipment of stolen equipment, the Transformer, across several state lines from Arizona to New Jersey.

100.     Defendants further engaged, and continue to engage, in fraudulent activities through the ongoing sale and transportation of renewable fuels produced by the stolen Transformer across state lines by means of trucking or other modes of transportation that affect interstate commerce.

101.     Defendants have intentionally concealed their pattern of racketeering activity through a series of secret meetings, conversations, transports, and transfers.

102.     Defendants have defrauded, and continue to defraud, the purchasers of renewable fuels produced by the stolen Transformer by representing that Defendants' have the right and permission to process and sell such fuel.

103.     Defendants' activities and acts comprise a "pattern" of racketeering activity as defined by *N.J.S.A.* § 2C:41-1(d) as they continue to sell renewable fuel produced by the stolen Transformer.

104.     With respect to all of the Defendants, the incidents of racketeering activity occurred after the effective date of *N.J.S.A.* § 2C:41-1, and the last act occurred within ten years after such first incident of racketeering activity.

105.     Defendants and their unlawful enterprise engaged directly in trade or commerce and/or were involved with activities that affected trade or commerce, as required by *N.J.S.A.* § 2C:41-2h.

106.    As a direct and proximate result of Defendants' pattern of racketeering activity, Plaintiffs have suffered actual and consequential damages, which Plaintiffs seek the restitution of pursuant to *N.J.S.A.* § 2C:41-4(7).

107.    This Court should also award Plaintiffs treble damages and the costs of this suit, including reasonable attorneys' fees. *See N.J.S.A.* § 2C:41-4(c).

## FOURTH CAUSE OF ACTION

### (VIOLATION OF FEDERAL RICO) – 18 U.S.C. § 1962)

108.    Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

109.    Defendants are an "enterprise" within the meaning of 18 U.S.C. § 1961(4).  The enterprise is more than the sum of its racketeering activity.  For example, Davanzo also owns and operates other renewable energy companies.   These companies place Davanzo in an ideal position to further the goals of the enterprise by putting him in close contact with persons and/or companies interested in purchasing renewable fuels.

110.    Defendants engaged in fraudulent activities representing a scheme and artifice to defraud Solverdi by directing the shipment of stolen equipment, the Transformer, across several state lines from Arizona to New Jersey.

111.    Defendants further engaged, and continue to engage, in fraudulent activities through the ongoing sale and transportation of renewable fuels produced by the stolen Transformer across state lines by means of trucking or other modes of transportation that affect interstate commerce.

112.    Defendants have intentionally concealed their pattern of racketeering activity through a series of secret meetings, conversations, transports, and transfers.

113.    Defendants have defrauded, and continue to defraud, the purchasers of renewable fuels produced by the stolen Transformer by representing that Defendants' have the right and permission to process and sell such fuel.

114.    Defendants have engaged in a "pattern of racketeering activity" under 18 U.S.C. 1961(5) as they continue to sell renewable fuel produced by the stolen Transformer.

115.    Defendants acts described above were done willfully and intentionally.

116.    As a direct and proximate result of Defendants' pattern of racketeering activity, Plaintiffs have suffered actual and consequential damages.

117.    Pursuant to 18 U.S.C. 1964(c), this Court should award Plaintiffs treble damages and the costs of this suit, including reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

118.    Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

119.    As described above, at Solverdi's expense, Defendants have improperly converted and taken the Trade Secrets from Solverdi and profited from the Trade Secrets.

120.    Defendants have been unjustly enriched by such conduct.

121.    As a direct and proximate result of Defendants' wrongful acts, Solverdi has suffered and continues to suffer, among other things, general and special damages in accordance with proof.

122.    Solverdi is informed and believes, and on that basis alleges, that Defendants acted intentionally in conscious disregard of Solverdi's rights, with fraud, malice, and oppression, in that they knew that their acts and conduct, as alleged hereinabove, were unjustified and would result in severe financial and economic injury to Solverdi and intentionally kept such acts secret

from Solverdi.   Accordingly, Solverdi is entitled to an award of punitive damages against Defendants.  The amount of such punitive damages should be determined at the time of trial of this action.

## SIXTH CAUSE OF ACTION

### (INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY)

123.   Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

124.   Solverdi has a reasonable expectation of an economic business contract and advantage by providing use of the Transformer to clients around the world.  Moreover, Solverdi has a reasonable expectation of development of additional Transformers through the use of the Trade Secrets to provide services to additional clients around the world.

125.   Defendants are and were aware of this prospective economic business advantage, opportunity, and/or expectancy.

126.   Nonetheless, Defendants wrongfully, intentionally, purposefully, and/or negligently interfered with Solverdi's business expectancies by taking possession of the Transformer, preventing Solverdi from using the Transformer and Trade Secrets, thereby preventing Solverdi's business expectancies from ripening.  Specifically, Defendants' wrongful possession of the Trade Secrets has deprived Solverdi of using the Trade Secrets in its business to provide renewable energy to clients and from securing prospective clients

127.   Solverdi is informed and believes, and on that basis alleges, that Defendants utilized Solverdi's Trade Secrets for their own purposes.

128.   By using Solverdi's Trade Secrets, Defendants disrupted and diverted Solverdi's business relationships by improper methods and as a form of unfair competition.

129.    As a direct and proximate result of the wrongful, improper, intentional, and/or negligent interference with Solverdi's contract and business economic advantage, opportunity, and/or expectancy described herein, Solverdi suffered damages in an amount to be determined at trial.

130.    Defendants' wrongful conduct has interfered with economic advantages, opportunities, and/or expectancies that would have accrued to Solverdi absent Defendants' wrongful conduct, and has caused, and will continue to cause, Solverdi to suffer economic damages in an amount to be determined at the time of trial of this action.

## SEVENTH CAUSE OF ACTION

## (INTERFERENCE WITH CONTRACTUAL RELATIONS OR PROSPECTIVE ECONOMIC ADVANTAGE)

131.    Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

132.    Solverdi has a reasonable expectation of an economic business advantage by providing use of the Transformer to clients around the world.   Moreover, Solverdi has a reasonable expectation of development of additional Transformers through the use of the Trade Secrets to provide services to additional clients around the world.

133.    Defendants are, and were, aware of this prospective economic business advantage, opportunity, and/or expectancy, and aware of such opportunity and expectancy with respect to the OPC's construction of the Transformer(s) under the Supply Agreement.

134.    Nonetheless, Defendants wrongfully, intentionally, purposefully, and/or negligently interfered with Solverdi's business expectancies by taking possession of the Transformer, preventing Solverdi from using the Transformer and Trade Secrets, thereby preventing Solverdi's business expectancies from ripening.   Specifically, Defendants' wrongful

possession of the Trade Secrets has deprived Solverdi of using the Trade Secrets in its business to provide renewable energy to clients and from securing prospective clients

135.   Defendants' wrongful acts of interference described herein also proximately impaired Solverdi's rights and expectations under the Supply Agreement.   Accordingly, Defendants wrongfully interfered with Solverdi's business economic advantage, opportunity, and/or expectancy by preventing Solverdi from obtaining the benefit of its agreement with OPC.

136.   Solverdi is informed and believes, and on that basis alleges, that Defendants utilized Solverdi's Trade Secrets for their own purposes.

137.   By using Solverdi's Trade Secrets and taking possession of the Transformer, the Defendants disrupted and diverted Solverdi's business relationships by improper methods and as a form of unfair competition.

138.   As a direct and proximate result of the wrongful, improper, intentional, and/or negligent interference with Solverdi's contract and business economic advantage, opportunity, and/or expectancy described herein, Solverdi suffered damages in an amount to be determined at trial.

139.   Defendants' wrongful conduct has interfered with economic advantages, opportunities, and/or expectancies that would have accrued to Solverdi absent Defendants' wrongful conduct, and has caused, and will continue to cause, Solverdi to suffer economic damages in an amount to be determined at the time of trial of this action.

## EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION)

140.   Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

141.   Solverdi has a protected interest in and reasonable expectation for use of the Trade Secrets.

142.   Defendants are, and were, aware of this prospected interest and reasonable expectation.

143.   Nonetheless, without justification, Defendants purposefully, maliciously, wrongfully, intentionally, purposefully, and/or negligently misappropriated and absconded with Solverdi's physical property and Trade Secrets, which are known to be highly valuable.

144.   Defendants have and will continue to damage Solverdi's business, reputation, and goodwill.  Moreover, Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm and injury to Solverdi for which there is no adequate remedy at law.

145.   Defendants are now attempting to manipulate the Trade Secrets for their own use in direct or indirect competition with Solverdi and to receive a benefit from the Trade Secrets to which they are not entitled and did not earn.

146.   Defendants' acts complained of herein constitute unfair competition.

147.   Defendants have been unjustly enriched and have damaged Solverdi and have impaired Solverdi's rights and expectations to the Trade Secrets and under the Supply Agreement.

148.   Defendants' acts complained of herein were intentional, wanton, willful, and committed in bad faith with the intent to confuse and deceive the public.

149.   As a direct and proximate result of the wrongful, improper, and intentional interference with Solverdi's prospective economic business advantage, opportunity, and/or expectancy described herein, Solverdi suffered damages in an amount to be determined at trial.

150.   Defendants' wrongful conduct has interfered with economic advantages that would have accrued to Solverdi absent Defendants' wrongful conduct, and has caused, and will continue to cause, Solverdi to suffer economic damages in an amount to be determined at the time of trial of this action.

## NINTH CAUSE OF ACTION
## (CONSUMER FRAUD)

151.   Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

152.   Upon information and belief, Defendants have made, and have conspired with each other and third parties to make, false or misleading representations of fact in interstate commerce and consumer transactions to the effect that they have lawful possession and use of the Trade Secrets.

153.   Upon information and belief, Defendants have intended others to rely upon their false or misleading representations of fact.

154.   Upon information and belief, Defendants' representations and unconscionable commercial practices have been made in promoting and selling the output of the Trade Secrets in an attempt to manipulate the Trade Secrets for their own use in direct or indirect competition with Solverdi.

155.   Upon information and belief, Defendants' actions and representations have been intentional.

156.   Defendants are aware that Solverdi has lawful ownership of and rights to the Trade Secrets.

157.   Defendants' acts, practices, and conduct constitute deception, fraud, false pretense, misrepresentation, concealment, suppression, or omission of a material fact with intent

that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of the Trade Secrets in violation of N.J.S.A. § 56:8-2.

158. As a direct and proximate result of Defendants' breach, Solverdi has sustained and continues to sustain immediate and irreparable harm and injury including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

159. Solverdi has no adequate remedy at law.

160. There is a substantial risk that Defendants will continue to irreparably injure Solverdi unless they and others acting in concert with them are preliminarily and/or permanently enjoined.

161. Unless Defendants' wrongful acts described herein are preliminarily and/or permanently enjoined, Solverdi will continue to sustain immediate and irreparable harm and injury.

162. In the alternative and in addition to the irreparable harm and injury described herein, upon information and belief, as a direct and proximate result of Defendants' wrongful acts described herein, Solverdi has suffered actual and consequential damages.

163. Upon information and belief, the acts described herein were so willful and malicious that they warrant an award of exemplary damages to Solverdi. *See* N.J.S.A. § 56:8-19.

164. Solverdi is entitled to recover its reasonable attorneys' fees and costs incurred herein. *See Id.*

## TENTH CAUSE OF ACTION

## (VIOLATION OF THE LANHAM ACT)

165.   Solverdi realleges and incorporates herein by reference each and every allegation set forth above.

166.   Defendants have made, and have conspired with each other and third parties to make, false or misleading representations of fact in interstate commerce to the effect that they have lawful possession of the Trade Secrets.

167.   Defendants' representations have been made in interstate commerce.

168.   Defendants' representations have been made in an attempt to manipulate the Transformer and Trade Secrets for their own use in direct or indirect competition with Solverdi.

169.   Defendants are aware that Solverdi has lawful ownership of and rights to the Transformer and Trade Secrets.

170.   Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the Trade Secrets, as well as other of Solverdi's goods, services, and commercial activities , all in violation of 15 U.S.C § 1125(a).

171.   As a direct and proximate result of Defendants' breach, Solverdi has sustained and continues to sustain immediate and irreparable harm and injury including, but not limited to, substantial loss of profits, loss of goodwill, loss of business relations with existing and future contracting parties, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

172.   Solverdi has no adequate remedy at law.

173.   There is a substantial risk that Defendants will continue to irreparably injure Solverdi unless they and others acting in concert with them are preliminarily and/or permanently enjoined.

174.   Unless Defendants' wrongful acts described herein are preliminarily and/or permanently enjoined, Solverdi will continue to sustain immediate and irreparable harm and injury.

175.   In the alternative and in addition to the irreparable harm and injury described herein, as a direct and proximate result of Defendants' wrongful acts Solverdi has suffered, and will continue to suffer, economic damages in an amount to be determined at the time of trial of this action.

176.   Upon information and belief, the acts described herein were so willful and malicious that they warrant an award of treble damages to Solverdi. *See* 15 U.S.C. § 1117.

177.   Solverdi is entitled to recover its reasonable attorneys' fees and costs incurred herein. *See id.*

## PRAYER FOR RELIEF

WHEREFORE, Solverdi prays for judgment against Defendants, and each of them, as follows:

1.   A permanent injunction restraining and enjoining Defendants from using Solverdi's Trade Secrets;

2.   A permanent injunction restraining and enjoining Defendants from dismantling, harming, or destroying Solverdi's Trade Secrets;

3.   A permanent injunction mandating Defendants return Solverdi's Trade Secrets to Solverdi's exclusive possession and control;

4.      A permanent injunction restraining and enjoining Defendants from using Solverdi's Trade Secrets for the purpose of interfering or attempting to interfere with any business relationship, or potential business relationship, between Solverdi and any of its clients, or potential clients.

5.      During the pendency of this action, a preliminary injunction enjoining and restraining Defendants from the acts and conduct set forth in paragraphs 1 – 4 of the Prayer For Relief set forth above;

6.      An order requiring Defendants to hold any monies or assets unlawfully obtained as alleged herein in constructive trust for the benefit of Solverdi;

7.      Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

8.      Statutory damages for Counts 3, 4, 9 and 10;

9.      Compensatory damages in an amount to be determined at trial;

10.     Punitive damages;

11.     Reasonable attorneys' fees;

12.     Interest on any monetary judgment awarded, as permitted by law;

13.     All costs of suit herein incurred; and

14.     Such other costs and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.


Respectfully submitted,



Michael D. Hynes
**DLA PIPER US LLP**
Two Tower Center, 16th Floor
East Brunswick, New Jersey  08816-1100
(732) 590-1850

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:5-1(c), the undersigned is hereby designated trial counsel for plaintiffs Solverdi Worldwide, Ltd., Solverdi, LLC, and White Mountain Group, LLC in this matter.

Michael D. Hynes

Dated:  September 3, 2009.

31

## **CERTIFICATION**

Pursuant to <u>Rule</u> 4:5-1(b)(2), the undersigned hereby certifies as follows:

1.      To the best of my knowledge and belief, the matter in controversy is not the subject of any other pending action or arbitration proceeding.  Plaintiffs are aware of an action pending in the state of Arizona related to the equipment at issue herein, but the subject matter of that action is not sufficiently related to the above-stated causes of action.

2.      To the best of my knowledge and belief, another action or arbitration proceeding is not contemplated for the matter in controversy.

3.      To the best of my knowledge and belief, there are no other parties who must be joined in this matter at this time.

I certify that the foregoing statements made by me are true.

Michael D. Hynes

Dated:  September 3, 2009



**DLA PIPER LLP (US)**
Two Tower Center, 16th Floor
East Brunswick, New Jersey 08816-1100
(732) 590-1850
Attorneys for Plaintiffs Solverdi Worldwide, Ltd.;
Solverdi, LLC; White Mountain Group, LLC

SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION
ESSEX COUNTY

SEP 4 2009

RECEIVED

---

Solverdi Worldwide, Ltd., an Australian public
company; Solverdi, LLC, a Delaware limited
liability company; and White Mountain Group, LLC,
a Delaware limited liability company,

          Plaintiffs,

    v.

BioFuels of Colorado, LLC, a Colorado corporation;
Thomas A. Davanzo, an individual; Robert Fedyna,
an individual; Investors Does 1-10; and Customers
Does 1-10,

          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY

DOCKET NO: L-7182-09

Civil Action
**VERIFICATION OF
COMPLAINT AND JURY DEMAND**

---

I, Dennis Danzik, attest to the following:

1.    I am over eighteen (18) years of age. The statements made herein are within my own personal knowledge and if called to testify, I could competently do so.

2.    I am the Managing Director and Chief Executive Officer of Solverdi Worldwide, Ltd. and am duly authorized to sign this Complaint on behalf of Complainants.

3.    I have reviewed the Complaint set forth above. The facts set forth therein are true and accurate as I understand them.

4.    The Complaint is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

5.    To the best of my knowledge, information, and belief founded upon reasonable inquiry. the claims and legal contentions of the Complaint are warranted by existing law or a

good faith argument for the extension, modification, or reversal of existing law.

6.      To the best of my knowledge, information, and belief founded upon reasonable inquiry, the allegations and other factual contentions in the Complaint have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

I attest under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I signed this Verification in the State of Arizona on September 3, 2009.

Dennis Danzik

**STATE OF ARIZONA**  )
**COUNTY OF MARICOPA** )

Sworn to and subscribed before me this 3rd day of September, 2009.



MICHAEL LEWIS
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
April 30, 2011

Notary Public

State of Arizona

My Commission Expires: April 30, 2011

[seal]

C:\Documents and Settings\ah19564\Desktop\NJ Complaint Verification.DOC