UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLVERDI WORLDWIDE, LTD., an Australian public company; SOLVERDI, LLC, a Delaware limited liability company; and WHITE MOUNTAIN GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BIOFUELS OF COLORADO, LLC, a Colorado corporation; THOMAS A. DAVANZO, an individual; ROBERT FEDYNA, an individual; Investors Does 1-10; and Customers Does 1-10,<br><br>Defendants. | HON. DICKINSON R. DEBEVOISE<br>Civil Action No. 09-5060 (DRD)(MAS)<br><br>**Oral Argument Requested**<br><br>Return Date: December 21, 2009<br><br>(Document Electronically Filed) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO REQUIRE PLAINTIFFS TO POST SECURITY PURSUANT TO FED. R. CIV. P. 65(C) OR TO DISSOLVE THE TEMPORARY RESTRAINING ORDER**

Benjamin E. Haglund
DAY PITNEY LLP
P.O. Box 1945
Morristown, NJ 07962
(973) 966-6300
bhaglund@daypitney.com

Attorneys for Defendants
BioFuels of Colorado, LLC,
Thomas A. Davanzo, and Robert Fedyna

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT ................................................................................................................ 5

    I.    Fed. R. Civ. P. 65(c) Requires Plaintiffs to Post Security ........................... 5

        A.    A TRO Issued by a State Court Ordinarily Expires 10 Days after Removal from State to Federal Court ................................. 5

        B.    Notwithstanding the Prior Consent of the Defendants to a Continuation of the TRO, Consent can be Withdrawn, and Further Extension of the TRO is Tantamount to a Preliminary Injunction ........................................................................ 6

    II.    This Court Should Require Plaintiffs to Post Security in the Amount of $1.5 Million .................................................................................................. 7

CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1150 (3d Cir. 1982) .................................. 6

*Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*,
  153 F. Supp. 2d 1253 (D. Kan. 2001) ........................................................................ 5

*Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100 (3d Cir. 1988) ................ 5

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Automobile Truck Drivers
  Local No. 70 of Alameda Co.*, 415 U.S. 423 (1974) ................................................... 5, 7

*Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir. 1989) ........................... 7

*Monsul v. Northwestern Mutual Life*, No. 05-3504 (GEB), 2005 U.S. Dist. LEXIS
  33884 (D.N.J. Dec. 19, 2005) ................................................................................... 5

*Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689 (3d Cir. 1997) ................................. 6

*Scanvec Amiable Ltd. v. Chang*,
  No. 02-6950, 2002 WL 32341772 (E.D. Pa. Nov. 1, 2002) ............................................. 6

## STATUTES AND RULES

28 U.S.C. § 1450 ......................................................................................................... 5

Fed. R. Civ. P. 65 .............................................................................................. *Passim*

**PRELIMINARY STATEMENT**

Defendants BioFuels of Colorado, LLC ("BioFuels"), Thomas Davanzo, and Robert Fedyna (collectively, "Defendants") hereby withdraw their consent to the continuation of the Temporary Restraining Order issued on September 24, 2009 by the Superior Court of New Jersey (the "TRO"), and submit their Motion to Require Plaintiffs to Post Security Pursuant to Fed. R. Civ. P. 65(c) or to Dissolve the Temporary Restraining Order. Specifically, Defendants request that this Court enter an order, in the form filed herewith, requiring Plaintiffs to post a bond with this Court in the amount of $1.5 million as security for the payment of any costs and damages that may be incurred or suffered by Defendants if it is later determined that any of the Defendants have been wrongly enjoined or restrained. Defendants further request that the TRO be dissolved if Plaintiffs fail to post a bond with this Court. The events leading up to this Motion and Defendants' arguments supporting their position are summarized below.

On September 24, 2009, the Superior Court of New Jersey, Law Division, Essex County, granted Plaintiffs' request for a temporary restraining order enjoining and restraining Defendants from using, dismantling, or moving a prototype of a modular renewable energy transformer and related equipment (the "Transformer"). The court did not require Plaintiffs to post security at that time. After this case was removed to this Court, the parties entered into a series of stipulations and consent agreements whereby the TRO was extended.

The purpose of these agreements was to facilitate settlement negotiations between the parties. After a protracted period of time, the settlement discussions have not been successful. Consequently, BioFuels has been maintaining the Transformer at its Essex County, New Jersey facility (the "Facility") at great expense while being restrained from using, moving, or dismantling the Transformer. Because the ultimate resolution of this case now appears to be

remote, Defendants request that this Court either require Plaintiffs to post security pursuant to Fed. R. Civ. P. 65(c) or dissolve the TRO.

Federal Rule of Civil Procedure 65(c) requires successful applicants for temporary or preliminary injunctive relief to post security to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Even though Defendants initially agreed to the conditional continuation of the TRO, further continuation would be tantamount to issuing a preliminary injunction without requiring Plaintiffs to post the security required by Fed. R. Civ. P. 65(c). Due to the great expense of housing the Transformer at the Facility without being able to use it, and the apparent remote resolution of this case, Defendants withdraw their consent to the continuation of the TRO without adequate security. Therefore, this Court should require Plaintiffs to post security to cover the continuing TRO or, alternatively, dissolve the TRO.

## STATEMENT OF FACTS

### Procedural Background

On September 4, 2009, Plaintiffs filed a Verified Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Essex County. On September 23, 2009, Plaintiffs filed a motion for a temporary restraining order, which the Superior Court granted the next day. (Affidavit of Thomas A. Davanzo ("Davanzo Aff.") ¶ 5.) The TRO enjoins and restrains Defendants from, among other things, dismantling the Transformer, moving it from the Facility, or "[u]sing, buying, selling, leasing or otherwise conducting any business with the Transformer."[1] (Davanzo Aff. ¶ 5.) Plaintiffs did not post security for the TRO.

Shortly after the TRO was entered, Defendants removed this case to this Court. The TRO issued by the state court would have automatically expired ten days after the removal

---

[1] A copy of the TRO is attached as Exhibit A.

date—October 11, 2009. However, to facilitate settlement, the parties agreed to extend the state court-issued TRO until October 26, 2009, without requiring Plaintiffs to post security under Fed. R. Civ. P. 65(c). (Davanzo Aff. ¶ 6) (Joint Stip. [Doc. No. 5-2], Oct. 9, 2009.) Subsequently, in an effort once again to settle this matter, the parties agreed to extend the TRO until this Court held a hearing and made a ruling on Plaintiffs' application for a preliminary injunction. (Consent Order, [Doc. No. 9], Oct. 27, 2009.) Settlement discussions have not been productive (Davanzo Aff. ¶ 7), however, and Plaintiffs have not yet sought a preliminary injunction hearing.

### Facts Concerning the Proper Amount of Security

BioFuels leased the Transformer with the intent of producing and selling fuels at the Facility. (Davanzo Aff. ¶ 4.) The TRO prevents BioFuels from making productive business use of the Facility and thereby causes BioFuels to both incur costs associated with the Facility and to forgo income associated with the Facility. (Davanzo Aff. ¶ 8.) Specifically, the Transformer occupies a significant amount of space in the Facility and the TRO prevents BioFuels from using the Transformer to produce fuels. (Davanzo Aff. ¶ 8.) The TRO also prevents BioFuels from moving the Transformer in order to operate in the Facility using other equipment. (Davanzo Aff. ¶ 8.)

Based on production rates of similar equipment, BioFuels estimates that but for the TRO it could and would produce approximately 500,000 gallons of fuel per month with the Transformer at the Facility. (Davanzo Aff. ¶ 9.) Based on the costs of raw materials, the conversion rate of raw materials to fuel, and a $1 per gallon federal subsidy, BioFuels would expect to realize approximately $.50 per gallon in net profit. (Davanzo Aff. ¶ 9.) Therefore, if the TRO is left in place, BioFuels estimates that it will be prevented from realizing approximately $3 million in net profits on an annual basis. (Davanzo Aff. ¶ 9.)

Each month BioFuels must pay rent and associated expenses for the Facility. Due to the TRO, BioFuels cannot use the Facility to earn revenues to cover these expenses. These monthly expenses are as follows:

| | |
|---|---|
| Rent | $6,413.85 |
| Taxes | $2,037.59 |
| Common area maintenance | $308.43 |
| Insurance | $168.13 |
| **Total:** | **$8,927.87** |

(Davanzo Aff. ¶ 10.) Based on the foregoing expenses, BioFuels will incur $107,134 in annual expenses associated with the Facility with no offsetting income. BioFuels also must pay a $10,000 annual premium for multi-peril insurance for the Facility that it cannot recapture as a result of the TRO. (Davanzo Aff. ¶ 11.)

Before the TRO was entered, BioFuels incurred the following expenses to install the Transformer in the Facility:

| | |
|---|---|
| Installation of equipment: | $110,000 |
| Installation of electrical: | $70,000 |
| Additional piping, stands, etc.: | $25,000 |
| **Total:** | **$205,000.00** |

(Davanzo Aff. ¶ 12.) Due to the TRO, BioFuels will receive no benefit for these expenses.

BioFuels also pays $300,000 annually in salaries and a significant portion of these salaries was intended to be paid in exchange for work relating to operations at the Facility. (Davanzo Aff. ¶ 13.) Because of the TRO, there are no operations at the Facility. Therefore, BioFuels cannot receive the benefit of a significant portion of these salaries.

4

## ARGUMENT

### I. Fed. R. Civ. P. 65(c) Requires Plaintiffs to Post Security.

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." While the *amount* a party must post as security is left to the discretion of the trial court, the requirement that a party post security is not. *See Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 103 (3d Cir. 1988) ("[T]he instances in which a bond may not be required are so rare that the requirement is almost mandatory."). In fact, failure to require a successful TRO or preliminary injunction applicant to post security generally constitutes reversible error. *See id.*

The procedural posture of this case—specifically, the fact that a state court issued the initial TRO in this case and that the parties later consented to an extension of the TRO—does not excuse the requirement that security must be given in order to continue the restraints set forth in the TRO.

#### A. A TRO Issued by a State Court Ordinarily Expires 10 Days after Removal from State to Federal Court.

Temporary restraining orders entered by state courts prior to removal initially remain in effect under 28 U.S.C. § 1450. However, "in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 439–40 (1974); *see also Monsul v. Northwestern Mutual Life*, No. 05-3504 (GEB), 2005 U.S. Dist. LEXIS 33884, at *3-4 (D.N.J. Dec. 19, 2005); *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1256 (D. Kan. 2001). Under Rule 65(b)(2),

temporary restraining orders are "not to exceed 10 days." Thus, the TRO issued by the Superior Court of New Jersey would have expired automatically on October 11, 2009—ten days after the date of removal—had the parties not consented to a longer period. This consent, however, is not perpetually and unconditionally binding.

      **B.**     **Notwithstanding the Prior Consent of the Defendants to a Continuation of the TRO, Consent can be Withdrawn, and Further Extension of the TRO is Tantamount to a Preliminary Injunction.**

A prior stipulation to extend a temporary restraining order does not forever bind a party to a restraint without the protections afforded by Fed. R. Civ. P. 65. Even a party who has previously consented to extensions of temporary restraints can later withdraw consent. *See, e.g., Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689, 694 (3d Cir. 1997). "The proper remedy where an enjoined party ceases to consent to the extension of a TRO or otherwise challenges the court's order is to motion the court for appropriate relief or seek interlocutory appeal at the time the consent is withdrawn." *Scanvec Amiable Ltd. v. Chang*, No. 02-6950, 2002 WL 32341772, at *3 (E.D. Pa. Nov. 1, 2002) (citing *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1150, 1153 (3d Cir. 1982)). And, "when a temporary restraining order is extended far beyond its statutory limits, even though it is authorized by the consent of the party against whom it is directed, such an order begins to lose its character as a temporary restraining order and begins taking on characteristics of a preliminary injunction order . . . ." *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d at 1153–54.

While Defendants previously consented to the TRO's extension to facilitate settlement, that measure has not yielded a settlement and Defendants are not perpetually bound by their prior consent. Rather, Defendants are entitled to withdraw their consent—which they have now done—and request that the TRO be secured in accordance with Rule 65(c) or dissolved.

Denying this relief would be tantamount to the entry of a preliminary injunction without security under Rule 65(c).[2]

## II. This Court Should Require Plaintiffs to Post Security in the Amount of $1.5 Million.

The purpose of the security required by Fed. R. Civ. P. 65(c) is "to inform the plaintiff of the price they can expect to pay if the injunction was wrongfully issued." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 805 (3d Cir. 1989). As detailed above and in the Affidavit of Thomas A. Davanzo, the TRO prevents BioFuels from making any productive use of its Facility, saddles it with over $320,000 in pointless expenses, and deprives BioFuels of realizing approximately $3 million in net profits on an annual basis. Under these circumstances, $1.5 million is a fraction of the price Plaintiffs can expect to pay if their injunction is deemed to have been wrongfully issued. This amount is an entirely fair security amount under Fed. R. Civ. P. 65(c).

---

[2] It is not necessary that the Court consider all issues relating to any preliminary injunctive relief requested by Plaintiffs. It is appropriate at this point for the Court to address the proper security for the TRO, while waiting until a later date to resolve the full merits of Plaintiffs' application for only a preliminary injunction. As the Supreme Court stated in *Granny Goose Foods, Inc.*:
> On the other hand, situations might arise where the parties are not prepared and do not intend at the hearing on the motion to dissolve or modify the temporary restraining order to present their cases for or against a preliminary injunction. In such circumstances, the appropriate procedure would be for the district court to deal with the issues raised in the motion to dissolve or modify the restraining order, but to postpone for a later hearing, still within the time limitations of *Rule* 65(b), the application for a preliminary injunction.

415 U.S. at 441.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court either require Plaintiffs to post security pursuant to Fed. R. Civ. P. 65(c) in the amount of $1.5 million or dissolve the TRO currently in place.

s/ Benjamin E. Haglund

Benjamin E. Haglund
DAY PITNEY LLP
P.O. Box 1945
Morristown, NJ 07962
(973) 966-6300
bhaglund@daypitney.com

Attorneys for Defendants
BioFuels of Colorado, LLC,
Thomas A. Davanzo, and Robert Fedyna

Dated: November 25, 2009

# EXHIBIT A

**DLA PIPER LLP (US)**
(A New Jersey Limited Liability Partnership)
Two Tower Center Blvd. Suite 1600
East Brunswick, New Jersey 08816-1100
(732) 590-1850
Attorneys for Plaintiffs

```
Office of the Superior Court Clerk
By Deputy Clerk of the Superior Court

       SEP 2 4 2009

        Received and Filed
              ESSEX
```

-------------------------------------------------- x

Solverdi Worldwide, Ltd., an Australian public
company; Solverdi, LLC, a Delaware limited
liability company; and White Mountain Group,
LLC, a Delaware limited liability company,

                 Plaintiffs,

v.

BioFuels of Colorado, LLC, a Colorado
corporation; Thomas A. Davanzo, an individual;
Robert Fedyna, an individual; Investors Does 1-
10; and Customers Does 1-10,

                 Defendants.

-------------------------------------------------- x

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY
DOCKET NO: ESX L – 007182 09

CIVIL ACTION

**ORDER TO SHOW CAUSE WITH
TEMPORARY RESTRAINTS
PURSUANT TO RULE 4:52**

**THIS MATTER** having been brought before the Court by DLA Piper LLP (US), attorneys for Plaintiffs Solverdi Worldwide, Ltd., Solverdi, LLC, and White Mountain Group, LLC ("Plaintiffs"), seeking relief by way of temporary restraints pursuant to *R.* 4:52 against Defendants BioFuels of Colorado, LLC, Thomas A. Davanzo, and Robert Fedyna ("Defendants"), based upon the facts set forth in the Verified Compliant, the Affidavits of Richard Carrigan and Michael D. Hynes, and Brief in Support of Order to Show Cause for Injunctive Relief filed herewith; and it appearing that Defendants have notice of this application, and for good cause shown.

**IT IS** on this __24TH__ day of __SEPTEMBER__, 2009, **ORDERED**, that Defendants appear and show cause before the Superior Court, Civil Division, Essex County, at the Superior Court of New Jersey, 470 Martin Luther King Jr. Blvd., Newark, New Jersey 07102 on the __26TH__ day of ~~September~~ OCTOBER, 2009 at __9 A/M,__ or as soon thereafter as counsel can

be heard, before the Honorable Paul J. Vichness, why an injunction order should not be issued preliminarily restraining and enjoining Defendants from (1) Dismantling, destroying, vandalizing, or otherwise harming the Transformer (defined in the Verified Complaint at ¶ 13 as a renewable energy fuels processor plant that converts wastewater materials to fuel using Solverdi's intellectual property); (2) Moving or transporting the Transformer from its current location in Belleville, New Jersey; (3) Using, buying, selling, leasing or otherwise conducting any business with the Transformer; and (4) Permitting Plaintiffs, or their representatives, to inspect the property on which the Transformer is located and photograph or otherwise record the condition and location of the Transformer, and any other biofuel-related equipment maintained on the property as soon as possible, but in all events within five days; and

**IT IS FURTHER ORDERED**, that pending the return date herein, Defendants are temporarily enjoined and restrained from (1) Dismantling, destroying, vandalizing, or otherwise harming the Transformer; (2) Moving or transporting the Transformer from its current location in Belleville, New Jersey; and/or (3) Using, buying, selling, leasing or otherwise conducting any business with the Transformer; and

**IT IS FURTHER ORDERED** that:

1. Defendants may move to dissolve or modify the temporary restraints herein contained on two (2) days notice to Plaintiffs' attorney.

2. Copies of this Order to Show Cause with moving papers shall be served upon Defendants' counsel in accordance with R. 1:5-1.

3. Plaintiffs must file with the court its proof of service of this Order to Show Cause with moving papers on Defendants no later than three (3) days before the return date.

4. Defendants shall file and serve a written response to this Order to Show Cause

and the request for entry of injunctive relief and proof of service by <u>OCTOBER 15, 2009</u>, 2009. The original documents must be filed with the Clerk of the Superior Court in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to Judge Vichness, whose address is Historic Courthouse, 470 Martin Luther King, Jr. Blvd., Newark, New Jersey. You must also send a copy of your opposition papers to Plaintiffs' attorney whose name and address appears above. A telephone call will not protect your rights; you must file your opposition and pay any required fees and serve your opposition on your adversary, if you want the court to hear your opposition to the injunctive relief Plaintiffs are seeking.

5.  Plaintiffs must file and serve any written reply to Defendants' Order to Show Cause opposition by <u>OCTOBER 23</u>, 2009. The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the Chambers of Judge Vichness. *DISCOVERY LIMITED TO THOSE ISSUES TO BE DECIDED*

6.  *THE PARTIES MAY CONDUCT DISCOVERY* on 10/26/09.

7.  If Defendants do not file and serve opposition to this order to show cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiffs file a proof of service and proposed form of order at least three (3) days prior to the return date.

8.  *PLAINTIFF SHALL A RIGHT TO INSPECT THE TRANSFORMER AT ITS PRESENT LOCATION IN ITS PRESENT CONDITION PRIOR TO 10/15/09.*

9.  The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court advises the parties to the contrary.

_____
Honorable Paul J. Vichness

3