## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOLVERDI WORLDWIDE, LLC | : | HON. DICKINSON R. DEBEVOISE |
| SOLVERDI, LLC | | |
| WHITE MOUNTAIN GROUP, LLC, | : | Civil Action No. 09-5060 (DRD)(WJM) |
| Plaintiffs, | : | |
| v. | : | **Return Date: March 15, 2010** |
| BIOFUELS OF COLORADO, LLC | : | |
| THOMAS A. DAVANZO | | **Oral Argument Not Requested** |
| ROBERT FEDYNA | : | |
| Investor Does 1-10, | | (Document Electronically Filed) |
| Customer Does 1-10, | : | |
| Defendants. | : | |

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO SEAL MATERIALS

---

POLSINELLI SHUGHART PC
Ronald G. Rossi, *pro hac vice*
Justin K. Edelson
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
302.252.0922

Attorneys for Defendants BioFuels of
Colorado, LLC, Thomas Davanzo and Robert
Fedyna

# TABLE OF CONTENTS

Defendants move to file three documents under seal pursuant to Local Civil Rule 5.3(c). These documents are the three agreements entered into by the parties to this action on August 1, 2008, which essentially define all of the rights, duties and liabilities at issue in this litigation:

- The "Amended and Restated Technical Information Development Agreement" between CarrierConnect, Solverdi and Olson Precast (the "CarrierConnect-Solverdi License Agreement"), **Exhibit 1** to the Counterclaims and Motion for Partial Summary Judgment;

- the "Supply Agreement" between Solverdi and 3A3B LLC, which Solverdi mentions in its Complaint, **Exhibit 2**; to the Counterclaims and Motion for Partial Summary Judgment; and

- the "Contribution Agreement" among, *inter alia*, Solverdi, Michael Olson, Dennis Danzik, and BioFuels, **Exhibit 3** to the Counterclaims and Motion for Partial Summary Judgment.

## A.     Nature of the materials or proceedings at issue

Plaintiffs' allege misappropriation of trade secrets, and related claims. Defendants agree that the trade secrets involved are real trade secrets, and quite valuable so long as their confidentiality is maintained. The dispositive issue in this litigation is who owns these trade secrets. The three agreements establish that Defendants own the trade secrets, not Plaintiffs.

## B.     The legitimate private or public interests which warrant the relief sought

Courts respect trade secrets, and routinely honor requests to keep confidential materials that contain trade secrets confidential. The three documents discuss the trade secrets at issue in detail, and deserve to be kept confidential.

2613760.2

1

**C.     The clearly defined and serious injury that would result if the relief sought is not granted**

If this Court does not permit the three agreements to be submitted under seal, then the trade secrets will become known to the public and lose their value as trade secrets.

**D.     Why a less restrictive alternative to the relief sought is not available**

The agreements are central to Plaintiffs' claims and dispositive of this action. There is no way for the Court to examine the agreements save by filing them with the Court.   A proposed order is attached.

WHEREFORE, Defendants request that the Court permit filing of the three agreements at issue under seal.

Respectfully submitted,

POLSINELLI SHUGHART PC
Attorneys for Defendants and
Counterclaim Plaintiffs BioFuels,
Davanzo and Fedyna

By:

*/s/ Justin K. Edelson*
_____
JUSTIN K. EDELSON
N.J. bar no. 028342007
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
jedelson@polsinelli.com

RONALD G. ROSSI
Colo. bar no. 1038
1515 Wynkoop St., Ste. 600
Denver CO 80202
*admitted pro hac vice*

DATED: February 17, 2010